# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

Lawrence Niskey
631 W. Glenwood Ave.
Easton, Md. 21601
(240) 424-5064

|                  Plaintiff | Case: 1:18-cv-03155 |
|:---|:---|

Case: 1:18-cv-03155
Assigned To : Unassigned
Assign. Date : 12/20/2018
Description: Employ. Discrim.(H-DECK)

VS.

Victoria A. Lipnic,
Acting Chair,
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

Defendant

## COMPLAINT

## Introduction

The Plaintiff filed a timely appeal with the EEOC from the agency's final decision dated

Apr. 24, 2018, dismissing the complaint of unlawful discrimination / retaliation in violation

of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e et seq.

The Plaintiff's complaint was initially dismissed for untimely contact with an

EEO Counselor within forty-five (45) days of a discriminatory act. The Plaintiff timely



RECEIVED
Mail Room

DEC 2 0 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

complied with the established EEOC decisions and regulations, regarding EEO counselor contact, to satisfy the criterion for EEO contact. The Plaintiff requested a reconsideration of the improper dismissal for the untimely EEO contact decision. The decision to dismiss the Plaintiff's complaint involved a clearly erroneous interpretation of material fact and law.

## Statement of Issue

Under Cox v. Department of Housing and Urban Development, EEOC Request No. 05980083 (July 30, 1998), did the EEOC err in dismissing the Plaintiff's complaint when it failed to address and apply its own EEOC ruling stating that "contact with official logically connected to EEO process satisfies requirement to contact EEO counselor"?

## Overview of Issue

The Plaintiff's complaint was improperly dismissed for untimely EEO counselor contact as required by 29 C.F.R. 1614.105(a)(1). The Plaintiff satisfied the requirement of EEO Counselor contact within 45 days of a discriminatory act as prescribed by EEOC regulations, by contacting an agency official logically connected to the EEO process. The Plaintiff timely filed a discrimination / retaliation / harassment complaint with the DHS Civil Rights and Civil Liberties Office, within 45 days of an adverse and discriminatory act to disclose the discriminatory / retaliatory action and to pursue his claim to begin the EEO complaint process with the agency. The EEOC has "consistently held that a complainant satisfies the criterion of EEO counselor contact by contacting an agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process." See Osuagwu

v. Peake, EOOC Appeal No. 0120081307, (May 2, 2008).

The agency Civil Rights and Civil Liberties Office is logically connected to the EEO process and therefore satisfies the criterion for EEO contact. See Culpepper v. Schafer, 548 F.3d 1119 (8th Cir 2008). The EEOC failed to apply its own EEOC established decisions and the Culpepper court ruling, regarding the criterion of EEO Counselor contact, to the Plaintiff's complaint.

## EEO Timely Contact

In accordance with EEOC established decisions and regulations, regarding EEO contact, the Plaintiff timely satisfied the criterion of EEO Counselor contact.

a.) On Sept.12, 2002, Plaintiff contacted agency EEO Counselor within 45 days of the discriminatory and retaliatory acts taken against the Plaintiff on Sept. 11 - 12, 2002, by his supervisor, Mr. Fred Herr, in reprisal for Plaintiff's prior protected activity. The Plaintiff disclosed to the EEO Counselor that Plaintiff was subjected to discrimination / retaliation by his supervisor and requested to file a complaint to begin the EEO process.

b.) On Oct.10, 2007, Plaintiff filed an appeal with the MSPB, within 45 days of adverse agency removal action on Sept.12, 2007. The EEOC regulations provide that the date on which a complainant files an MSPB appeal is deemed to be the date of initial EEO Counselor contact and, as such, he timely initiated his complaint. See Aurore C. v Dep't of the Army, EEOC Appeal No. 0120171991 (Aug.9, 2017), Knight v. Dep't of Homeland Sec., EEOC Appeal No. 0120110052 (April 24, 2012).

c.) The last known agency discriminatory / retaliatory act was Mar.10, 2010, when OPM notified the Plaintiff that the agency presented adverse and negative information to

deny retirement and pension benefits for the Plaintiff. This action was a materially adverse action based upon retaliatory motive that created a material change of terms, benefits and conditions of employment for the Plaintiff.

The discriminatory / retaliatory adverse action that denied the Plaintiff of his retirement and pension benefits was initiated and based on the supervisor's, Mr. Fred Herr, retaliatory motive when he reported knowingly false statements and accusations to security personnel in reprisal for Plaintiff's prior protected activity. The Supreme Court unanimously held that under federal law, employers must not engage in retaliatory behavior such as writing bad job references, or otherwise retaliating against former employees as a punishment for filing job discrimination complaints. See Robinson v. Shell Oil Co., 519 U.S. 337 (1997). The decision maker was relying upon adverse and negative information from another employee motivated by retaliatory animus. The supervisor's referral of knowingly false statements and accusations triggered the materially adverse actions and his retaliatory animus was a proximate cause of the materially adverse employment action. The Supreme Court ruled that an employer can be held liable for discrimination / retaliation if a supervisor's discriminatory or retaliatory animus was a proximate cause of the adverse employment action, even if the ultimate decision maker was not motivated by discrimination or retaliation. See Staub v. Proctor Hospital, 131 S. Ct. 1186 (Mar.2011). The Plaintiff timely filed a discrimination / retaliation / harassment complaint with the EEOC on Mar. 11, 2010 and the DHS Civil Rights and Civil Liberties Office, DHS Human Resources Office and DHS-Office of Inspector General on Mar. 29, 2010, within 45 days of the last known discriminatory act,

to disclose the discriminatory / retaliatory adverse actions and to pursue his claim to file a complaint with the agency to begin the EEO process.

The Plaintiff's written discrimination / retaliation complaint to the agency's Director of Civil Rights and Civil Liberties Office satisfied the requirement requiring a federal worker alleging discrimination / retaliation to contact an internal EEO Counselor within 45 days of the last discriminatory act. A U.S. Court of Appeals held that a federal employee's letters to the director of his agency's civil right's office complaining of discrimination satisfied the rule requiring federal workers to contact an internal EEO Counselor within 45 days of alleged discrimination. See Culpepper v. Schafer, 548 F.3d 1119 (8th Cir 2008).

The agency Civil Rights and Civil Liberties Office is logically connected with the EEO process, since it leads the agency's EEO programs and therefore satisfies the requirement to contact the EEO Counselor pursuant to the EEOC decision. See Complainant v. Dept of Homeland Sec., EEOC Appeal No.0120150791 (May 7, 2015)

The EEOC's consistent interpretation of its regulations in Management Directive 110 and numerous decisions by the EEOC's Office of Federal Operations, held that 29 C.F.R. 1614.105 did not require federal employees to solely initiate EEO counseling with someone bearing the formal job title of EEO "Counselor".

The EEOC has consistently held in numerous decisions that a person may satisfy the criterion of EEO Counselor contact by initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO Counselor. See Nia G. v. Dept. of Veterans Affairs, EEOC Appeal No. 0120170943 (June 23, 2017); Hyman v. Dept. of the Navy, EEOC Appeal No. 0120100060 (May 26, 2011). The EEOC failed

to apply its own regulations regarding Plaintiff's EEO contact. In accordance with the numerous established EEOC decisions and the regulations regarding EEO contact, the Plaintiff has satisfied the criterion of timely contacting the EEO Counselor within 45 days of alleged discrimination / retaliation action when Plaintiff contacted the DHS Director of Civil Rights and Civil Liberties Office with a written complaint of discrimination / retaliation and with an intent to begin the EEO process.

The dismissal decision for EEO counselor contact is in conflict with the established EEOC decisions and regulations. EEOC Regulation 29 C.F.R. 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the EEO within forty-five (45) days of the date of the matter alleged to be discriminatory. The EEOC decision Cox v. Department of Housing and Urban Development, EEOC Request No.05980083 (July 30, 1998), held that "contact with official logically connected to EEO process satisfies requirement to contact EEO Counselor".

An agency is required to follow its own procedures and regulations and apply them equitably and consistently to all employees or be subject to legal liability. An agency abuses its discretion if it fails to follow its own regulations and procedures. See Schroeder v. West, 212 F.3d 1265, 1270 (Fed. Cir. 2000) The Supreme Court held that government agencies must carefully observe rules or procedures which it has established and when it fails to do so, its action cannot stand and courts will strike it down. See Morton v. Ruiz, 415 U.S. 199 (1974).

The Plaintiff's complaint should be reconsidered so that the decision for untimely EEO contact will be in accordance and compliance with the established EEOC decisions and regulations regarding EEOC counselor contact.

## Declaration Statement

I declare under penalty of perjury (under the laws of the United States of America) that the foregoing statements and information are true and correct.

**Respectfully Submitted,**

Date: Dec. 18, 2018

Lawrence Niskey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Complaint was served by certified mail, postage-prepaid on the 18th day of December, 2018 upon:

U.S. Equal Employment Opportunity Commission

Office of Federal Operations

131 M. Street N.E.

Washington, DC 20507

**DATED:** December 18, 2018 **Respectfully Submitted,**

Lawrence Niskey