**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

JAN 15 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

LAWRENCE NISKEY, )
)
Plaintiff, )
)
v. ) Civil Action No. 18-3155 (UNA)
)
VICTORIA A. LIPNIC, Acting Chair, )
Equal Employment Opportunity Commission, )
)
Defendant. )

## MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

According to the plaintiff, the Equal Employment Opportunity Commission ("EEOC") dismissed his employment discrimination complaint based on an erroneous conclusion that he failed to initiate contact with an EEO Counselor within the 45-day period set forth in 29 C.F.R. § 1614.105(a)(1). He brings this action against the EEOC's Chairperson in an effort to seek reconsideration of his case.

"Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir.) (per curiam), *cert. denied*, 522 U.S. 958 (1997); *McCottrell v. Equal Employment Opportunity Comm'n*, 726 F.2d 350, 351 (7th Cir. 1984) ("It is settled law, in this and other circuits, that Title VII does not provide either

1

an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge."); *Brown v. Berrein*, 923 F. Supp. 2d 43, 43 (D.D.C. 2013) (dismissing complaint against EEOC for having dismissed plaintiff's charge of discrimination as untimely without taking his disability into account); *see Koch v. White*, 967 F. Supp. 2d 326, 336 (D.D.C. 2013) (concluding that there is no cause of action for improper handling of a complaint by the EEO office of a federal agency, which provides a function analogous to the EEOC). Nor is there a cause of action against the EEOC's Chairperson arising from the handling of a plaintiff's charge of discrimination. *Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) (per curiam) (affirming dismissal of complaint against Chair of EEOC challenging EEOC's procedures for processing plaintiff's discrimination complaints); *Caraveo v. U.S. Equal Employment Opportunity Comm'n*, 96 F. App'x 738, 740 (2d Cir. 2004) (affirming dismissal of claim against EEOC and its employees sued in their official capacities for their alleged failure to investigate adequately charges of disability discrimination); *Svenson v. Thomas*, 607 F. Supp. 1004, 1006 (D.D.C. 1985) (concluding that the EEOC's Chairman was not amenable to suit under Title VII or the Age Discrimination in Employment Act because there is no cause of action against the EEOC arising from its investigation or processing of a charge).

The Court will dismiss the complaint for its failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An order is issued separately.

United States District Judge

DATE: January ____, 2019